## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOSEPH P. CARSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 07-0443 (PLF) |
| | ) | |
| **UNITED STATES OFFICE OF** | ) | |
| **SPECIAL COUNSEL,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

### RESPONDENT'S RESPONSE TO SHOW CAUSE ORDER AND
### MOTION TO DISMISS PETITION FOR WRIT OF MANDAMUS

Respondent, United States Office of Special Counsel ("OSC"), by and through

undersigned counsel, hereby responds to the Court's Order to Show Cause dated April 2, 2007,

and respectfully moves this Court to dismiss the Petition for Writ of Mandamus filed herein,

pursuant to Fed. R. Civ. P. 12(b)(1), for lack of jurisdiction, and pursuant to Fed. R. Civ . P.

12(b)(6), for failure to state a claim, because:  (1) the Court lacks jurisdiction to issue the

advisory opinion requested by Petitioner; and (2) the OSC has no statutory duty to provide an

annual report to Congress.

A memorandum of points and authorities in support of this motion and a proposed Order

granting the relief requested are attached.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH P. CARSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0443 (PLF) |
| | ) | |
| UNITED STATES OFFICE OF | ) | |
| SPECIAL COUNSEL, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF MANDAMUS

## I. INTRODUCTION

Petitioner, Joseph Carson, filed his petition for writ of mandamus seeking to have the Court issue an advisory opinion as to the type of relief he should seek in order to obtain certain kinds of information. Petitioner also seeks to have Respondent, the United States Office of Special Counsel ("OSC"), provide to him an annual report, that at one time was required to be provided to Congress. Respondent submits that the Petition should be dismissed, with prejudice, for the reasons stated below. This memorandum also constitutes Respondent's response to the Court's April 2, 2007, Order to Show Cause why the Petition for Writ of Mandamus in this case should not be granted.[1]

---

[1] Respondent notes that Petitioner continues to file petitions for writs of mandamus and seek show cause orders allowing him to essentially "leap frog" other litigants, since the government usually has 60 days in which to answer a civil complaint.

**ARGUMENT**

## I.  THE COURT DOES NOT HAVE AUTHORITY TO ISSUE ADVISORY OPINIONS

Petitioner seeks to have the Court provide an advisory legal opinion as to the type of relief he should seek, if his Petition is denied.  *See* Petition p. 5.  However, "[I]t is quite clear that 'the oldest and most consistent thread in the federal law of justiciability is that federal courts will not give advisory opinions.'" *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (quoting C. Wright, Federal Courts 34 (1963)).  Therefore, Petitioner's request for such an opinion from the Court should be denied.

## II.  RESPONDENT HAS NO STATUTORY DUTY TO PROVIDE AN ANNUAL REPORT TO CONGRESS UNDER 5 U.S.C. § 1218

Petitioner alleges that the OSC failed to meet its statutory obligations to provide an annual report to Congress pursuant to 5 U.S.C. § 1218.  *See* Petition at p. 2.   However, the OSC's reporting obligations under this statute no longer exist.

Title 5, United States Code, Section 1218 was superceded by the Federal Reports Elimination and Sunset Act of 1995 ("Sunset Act"), P.L. 104-66, 109 Stat. 707 (1995), which provides:

(A) Termination – (1) IN GENERAL. – Subject to the provisions of paragraph (2) of this subsection and subsection (d), each provision of law requiring the submittal to Congress (or any committee of the Congress) of any annual, semiannual, or other regular periodic report specified on the list described under subsection (c) shall cease to be effective with respect to that requirement, 4 years after the date of the enactment of this Act.

None of the exceptions or exemptions to the Sunset Act apply to the OSC's annual report to Congress.  Thus, contrary to Petitioner's assertion that the OSC has a ministerial duty to produce

this report (*See* Petition at p. 5), it is entirely within the OSC's discretion whether to provide an annual report to Congress and the contents thereof.[2]  Petitioner's assertion that he has somehow been harmed by the OSC's "non-compliance with law in reporting all the required information of 5 USC 1218" is, therefore, without merit.  *See* Petition, p. 3.

### III.  PETITIONER HAS FAILED TO MEET HIS BURDEN FOR A WRIT OF MANDAMUS

**A.  OSC has no clear duty to act**.

Mandamus is available only if: (1) plaintiff has a clear right to relief; (2) defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff.  *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C.Cir.1997).  As discussed above, the OSC's only duty in this regard was to Congress, not Petitioner, and that duty no longer exists.  Accordingly, Petitioner has failed to show any duty owed by the OSC to produce an annual report, and his Petition should be denied.

**B.  Petitioner Has No Right to Extraordinary Relief.**

Mandamus is a drastic remedy to be invoked only in extraordinary situations.  *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n. 2 (1988).  It is granted only when essential to the interests of justice.  *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974).  The party seeking mandamus has the "burden of showing that its right to issuance of the writ is 'clear and indisputable.'"  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).  Petitioner has failed to

---

[2] In fact, Petitioner appears to acknowledge that the OSC may not be under such a statutory duty to provide the report to Congress, yet, he requests that the OSC be required to include all of the information in the report that Petitioner seeks.  *See* Petition at p. 2.

show that he has any right to such extraordinary relief.

The statutory provisions discussed above clearly show that the OSC is no longer under a statutory obligation to provide an annual report to Congress. Therefore, the OSC cannot be required to provide certain information in any report it provides Congress. Furthermore, if Petitioner desires information from a government agency, the proper remedy is to seek such information pursuant to the Freedom of Information Act. In light of his other cases, it is clear that Petitioner is well aware of this vehicle for obtaining information, if it exists. In any event, Petitioner cannot meet his burden of showing that there is no other adequate remedy available to him, and his Petition should, therefore, be denied. *See Heckler v. Ringer*, 466 U.S. 602 (1984) (mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief).

### Conclusion

WHEREFORE, for the foregoing reasons, Respondent respectfully submits that the Court deny the Petition for Writ of Mandamus herein.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

4

_____/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civil Action No. 07-0443 (PLF) |
| | ) |
| UNITED STATES OFFICE OF | ) |
| SPECIAL COUNSEL, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**<u>ORDER</u>**

UPON CONSIDERATION OF Respondent's Motion to Dismiss Writ of Mandamus and

Memorandum of Points and Authorities in Support Thereof, any Opposition thereto, and the

entire record herein, it is this ____ day of _____, 2007,

**ORDERED**, that the Court's April 2, 2007, Order to Show Cause is hereby discharged;

and it is

**FURTHER ORDERED** that Respondent's motion is **GRANTED**; and it is

**FURTHER ORDERED** that the Petition for Writ of Mandamus is dismissed with

prejudice.

_____
UNITED STATES DISTRICT JUDGE

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of April, 2007, I caused the foregoing

Response to Show Cause Order and Motion to Dismiss Petition for Writ of Mandamus,

Memorandum in Support, and proposed Order to be served by first class mail, postage prepaid,

on:

Joseph P. Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

_____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney

7