UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, )<br>)<br>)<br>)<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>)<br>OFFICE OF SPECIAL COUNSEL, )<br>)<br>)<br>)<br>)<br>Respondent, )<br>)<br>_____) | Docket No. 07-0443 (PLF) |

**RECEIVED**
APR 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO REQUEST APPROPRIATE REFERRAL, BY RELEVANT RULES OF JUDICIAL COUNDUCT, OF PROFESSIONAL MISCONDUCT BY SPECIAL COUNSEL BLOCH AND/OR OTHER ATTORNEYS AT OFFICE OF SPECIAL COUNSEL

The declaration submitted with this motion provides background on petitioner's 15 year-long ordeal as a concerned professional engineer (PE), employed as a nuclear safety engineer at the Department of Energy (DOE).

Mr. Carson has been a licensed professional engineer (PE) since 1984. DOE knew he was a PE in hiring him in 1989. As a PE, Mr. Carson has a positive legal

1

and professional duty to "blow whistles," when necessary, to protect workplace and public health and safety, regardless of possible employment retribution and career damage. He actually has a "doubly sworn duty" - as a PE and a PE federal employee - to do so.

Mr. Carson thinks the same argument applies to the Special Counsel at OSC, Scott Bloch, who is required by law at 5 USC 1211 to be a licensed attorney, and to other attorneys at OSC who have formal responsibilities by their position descriptions to implement aspects of the specific law OSC is charged to implement - that they also "doubly sworn" - as lawyers and as federal lawyers - to ensure this happens and to "blow whistles" if it does not, regardless of possible professional retribution.

Mr. Carson's allegations of non-compliance by OSC with its respective statutory duties to protect federal employees from PPP"s, particularly whistblower reprisal, include:

1. OSC does not comply with 5 USC 1218, even though it claims to, in its Annual Reports to Congress. A significant amount of the required information is not provided by OSC, particularly regarding its compliance with 5 USC 1214 in protecting federal employees from prohibited personnel practices.

These non-compliances occur in a statutory context in which MSPB and OSC are charged with implementing the law's mandate "that employee should not suffer adverse consequences as a result of prohibited personnel practices." (See section 2(b)(1) of the Federal Whistleblower Protection Act, P.L. 101-12) and in which OSC is required to "act in the interests of employees who seek its assistance" (See section 2(b)(2)(B) P.L. 101-12, also provided in the appendix of 5 USC 1201).

**Relief Sought**

Petitioner does not know what, if any, "Rules of Judicial Conduct," apply to this Court, but he is aware that the ABA Model Rules of Judicial Conduct, 2004 Edition, Canon 3, section D(2) "Disciplinary Responsibilities," appears to address his concerns. Consistent with his understanding, the petitioner respectfully requests:

1. If this Court determines, from the information provided during this appeal, there is a substantial likelihood that one or more lawyers at OSC, who have responsibilities to implement aspects of these agencies' respective statutory duties at 5 USC 1218 for reporting information to Congress, have committed a violation of their rules of professional conduct, to take appropriate action by reporting it to the appropriate authority.

2. If this Court determines, from the information provided during this appeal,

that it has knowledge that a one or more lawyers at OSC, who have responsibilities to implement aspects of 5 USC 1218 for OSC's annual reports to Congress, have committed a violation of their rules of professional conduct that raises a substantial question as to their honesty, trustworthiness, or fitness as a lawyer in other respects, to inform the appropriate authority. Petitioner has attached an affidavit, and a list of exhibits of documents from the case record to assist the Court's consideration of this motion.

Respectfully Submitted,

_____
Joseph Carson, P.E., pro se
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>OFFICE OF SPECIAL COUNSEL,  )<br>)<br>Respondent,  )<br>) | Docket No. 07-0443 (PLF) |

## DECLARATION OF JOSEPH CARSON

1. I am Joseph Carson, PE, the pro se petitioner in this case. During my 15 year-long ordeal as a concerned professional engineer (PE), employed as a nuclear safety engineer at the Department of Energy (DOE), I have "prevailed" in no fewer than 8 separate whistleblower-related decisions at the Merit Systems Protection Board, including three published decisions Carson v. Department of Energy, 77 MSPR 453 (1998); 85 MSPR 171 (2000); and 88 MSPR 260

1

(2001). Some of the same agency wrongdoing was described in <u>Carson v. Department of Energy</u>, 398 F.3d 1369 (Fed. Cir. 2005).

2. In contrast, even though I have also filed over 20 prohibited personnel practices (PPP) complaints with OSC since 1992, OSC has yet to determine and/or report, despite its statutory obligations to do so to protect me from PPP's (see 5 USC 1212(a)(1), 5 USC 1214(a)(1)(A), and 5 USC 1214(b)(2)(A)), "whether there are reasonable grounds to believe a PPP has occurred, exists, is to be taken" in closing its investigations of these PPP complaints.

3. I have been a licensed professional engineer (PE) since 1984. DOE knew I was a PE in hiring him in 1989. As a PE, I have a positive legal and professional duty to "blow whistles," when necessary, to protect workplace and public health and safety, regardless of possible employment retribution and career damage. I actually has a "doubly sworn duty" - as a PE and a PE federal employee - to do so.

4. For the past three years, I have been involved with litigation with the US Office of Special Counsel, seeking to obtain writs of mandamus from Federal District Court, to force it to comply with its statutory obligations to protect me. I have, in the past few months, also become involved with litigation with

2

the US Merit Systems Protection Board, in which I seek a petition for writ of mandamus to force it to comply with its statutory duty to do oversight of OSC's compliance with its statutory duties and to make its statutory required report "whether the public interest in a civil service free of PPP's is being adequately protected."

5. I am now a party to seven currently pending cases, including this case, in three separate federal courts.

6. Based on my review of every OSC Annual Report to Congress since 1989, it has not fully complied with its statutory obligations per 5 USC 1218 to provide the required information in any of these reports. All these reports have a cover letter signed by the Special Counsel which states the report is made per 5 USC 1218.

7. I have become quite knowledgeable of engineering ethics as one result of my ordeal as a concerned PE employed as a nuclear safety engineer in the Department of Energy. I have also become somewhat knowledgeable of legal ethics. I have been a member of the ABA Center for Professional Responsibility (CPR) and have submitted an article for its publication "The Professional Lawyer" about my situation and its implications for the adequacy of the scope and implementation of legal ethics.

8. Through my review of information available at the CPR's website, I became aware of the ABA Model Code of Judicial Conduct and its requirements for Judges to make appropriate referrals to the appropriate authority when they become aware, through their professional duties, of apparent professional misconduct of any attorney.

9. Consistent with my knowledge and concerns about apparent OSC non-compliance with its statutory duty to submit Annual Report to Congress per 5 USC 1218, and its implications for significant professional misconduct by possibly large numbers of attorneys who are now or were employed at OSC, I am bringing this matter to this Court for its appropriate consideration and action.

10. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____             April 9, 2007

Joseph Carson, PE                     Date

## Certificate of Service

I certify that the following documents for <u>Carson v. Office of Special Counsel</u>, docket no. 07-0443:

1. Motion to request referral of any attorney violations of rules of professional conduct to appropriate authority.
2. Related affidavit

was sent, by commercial delivery, to:

<u>Representative for Department of Energy</u>:

US Attorney, District of Columbia
501 Third St. NW
Washington, DC 20001

Other:

Judith Kidwell
555 Fourth St, NW
Room E4905
Washington, DC 20530

US Office of Special Counsel
1730 M St, NW
Suite 218
Washington, DC 20036

_____
Joseph P. Carson

April 9, 2007

## Certificate of Service

I certify that the following documents for <u>Carson v. Office of Special Counsel</u>, docket no. 07-0443:

1. Motion to request referral of any attorney violations of rules of professional conduct to appropriate authority.
2. Related affidavit

was sent, by commercial delivery, to:

<u>Representative for Department of Energy</u>:

US Attorney, District of Columbia
501 Third St. NW
Washington, DC 20001

Other:

Judith Kidwell
555 Fourth St, NW
Room E4905
Washington, DC 20530

US Office of Special Counsel
1730 M St, NW
Suite 218
Washington, DC 20036

_____
Joseph P. Carson

April 9, 2007