UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, <br><br> Petitioner <br><br> v. <br><br> U.S. OFFICE OF SPECIAL COUNSEL, <br><br> Respondent | ) <br> ) <br> ) <br> ) Civil Action No: 07-0443 (PLF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION REQUESTING COURT REFER APPARENT LYING BY SPECIAL COUNSEL BLOCH AND POSSIBLY OTHERS AT OFFICE OF SPECIAL COUNSEL TO APPROPRIATE AUTHORITIES

For reasons detailed in the attached letter to H. Marshall Jarrett, Counsel of the Office of Professional Responsibility of the Department of Justice (exhibit 1), Mr. Carson requests the Court make an appropriate referral of any related attorney malfeasance at Office of Special Counsel and, possibly, US Attorneys Office, for the District of Columbia, to appropriate authorities.

When attorneys at DOJ appear to countenance lying by Special Counsel Bloch to Congress, when Special Counsel Bloch heads the federal agency charged to protect DOJ attorneys who responsibility report possible wrongdoing, such as lying to Congress by other DOJ officials, petitioner prays this Court will take decisive action.

Respectfully Submitted,

RECEIVED

MAY 4 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

_(signature)_

Joseph P. Carson, P.E., pro se
10953 Twin Harbour Drive
Knoxville, TN 37934
863-300-5831

# Certificate of Service

I certify that the following documents for <u>Carson v. Office of Special Counsel</u>, docket no. 07-0443:

1. Motion requesting referral by Court to appropriate professional body regarding DOJ defending OSC apparent lying to Congress

was served, via U.S. Mail, on

Representative for OSC

Judith Kidwell
US Attorney Office
Room E4905
555 Fourth St., NW
Washington, DC 20530

Joseph P. Carson

May 2, 2007

April 16, 2007

H. Marshall Jarrett, Counsel
Office of Professional Responsibility
Department of Justice
950 Pennsylvania Avenue, N.W.,
Suite 3266
Washington, D.C. 20530

Re: Department of Justice (DOJ) Attorneys Defend Lying to Congress by Attorneys at U.S. Office of Special Counsel (OSC)

Dear Counsel Jarrett,

I am Joe Carson, P.E. I am the current "dean" of federal whistleblowers, now that Ernie Fitzgerald (of C-5A fame) has retired. I am, as you, and other attorneys at DOJ, a licensed professional - a professional engineer (PE). As such, I have a positive legal and professional duty - a doubly sworn duty as a PE and federal employee - to "blow whistles" when necessary to protect public health and safety, regardless of the interests of my employer.

I have done my duty as a PE employed as nuclear safety engineer in the Department of Energy and I, with my family, have paid a high price for doing so. I have prevailed in no fewer than 8 separate whistleblower related decisions at the US Merit Systems Protection Board (MSPB), including 3 published decisions, <u>Carson v. Department of Energy</u>, 77 MSPR 453 (1998); 85 MSPR 171 (2000); and 88 MSPR 260 (2001). Some of the same agency wrongdoing is cited in this Court's divided decision in <u>Carson v. Department of Energy</u>, 398 F.3d 1369 (Fed. Cir. 2005). (see <www.carsonversusdoe.com> for details).

About 4 years ago, I realized that the agency malfeasance I have confronted in the Department of Energy occurs in a context of systemic and persistent lawbreaking at US Office of Special Counsel and the related dereliction, if not betrayal, of lawful duty of OSC attorneys - their "doubly sworn duty" as attorneys and federal employees - to faithfully implement 5 USC 1214, the law that OSC is responsible to implement to protect federal employees from exactly what has repeatedly happened to me - prohibited personnel practices (PPP's), particularly whistleblower reprisal. More recently, I realized that the lawbreaking at OSC is enabled by persistent lawbreaking at U.S. Merit Systems Protection Board (MSPB) and the related malfeasance or incompetence of attorneys at MSPB with responsibilities to implement the law - 5 USC 1204(a)(3) and (e)(3) with require MSPB to conduct the oversight of OSC necessary to determine its compliance with its statutory obligations at 5 USC 1214 so MSPB can make its statutory required report "whether the public interest in a civil service free of PPP's is being adequately protected" - a report MSPB has failed, since 1989, to make. (See <whsknox.blogs.com/osc> for details).

1

Ex 1

So what to your responsibilities at DOJ? Just as I and large majority (if not almost all other career federal employees), career employees (and most political employees) at the Department of Justice rely on career attorneys at the U.S Office of Special Counsel (OSC) to implement the laws they are responsible to implement to protect them from retribution should they responsibly voice concerns - to your office or in other authorized ways - about the implementation of or compliance with law in their areas of responsibility at DOJ.

Therefore, I suggest you should want to - and be able to - advise concerned employees at DOJ that if they responsibly act on their concerns (such as DOJ officials possibly lying to Congress) and subsequently perceive employment retribution, that OSC will scrupulously comply with its statutory obligations to protect them.

It is against the law to lie to Congress, per 18 USC 2 and 1001. One might think that if DOJ attorneys were tasked with representing OSC in a case involving OSC's (and its Special Counsel) having made, for many years, materially false statements to Congress, they might seek advice from you or others at DOJ, before trying to get the case dismissed, using arguments that tacitly admit OSC's lying to Congress.

If one thought that, he would be wrong. Judith Kidwell, Ralph Contreras, and Jeff Taylor, licensed attorneys employed in US Attorneys Office for the District of Columbia, filed a motion to dismiss <u>Carson v. OSC</u>, docket no. 07-443, on April 13, 2007 which appears to argue that even when the Special Counsel makes a written statement to the President of the Senate and Speaker of the House that the OSC Annual Report to Congress complies 5 USC 1218, he is not lying if it does not. They argue that because making this report became optional several years ago, the Special Counsel can claim to Congress to comply with 5 USC 1218 while actually ignoring it - he can report whatever he wants to Congress without concern for compliance with 5 USC 1218 and, possibly, accuracy.

Attached to this is the cover letter of the 2005 Annual Report to Congress and the DOJ brief. Each of OSC's Annual Reports to Congress has a similar cover letter and my claim in <u>Carson v. OSC</u>, docket no. 07-1833 is that no OSC report in past several years (actually since 1989, but statute of limitations applies) has been complete, per the requirements of 5 USC 1218.

Perhaps you will come to some other conclusion about the matter, that DOJ attorneys are not defending lying to Congress by the agency, OSC, that is charged to protect DOJ attorneys from reprisal, if they report other DOJ officials have lied to Congress.

Respectfully,

Joe Carson, PE
10953 Twin Harbour Drive
Knoxville, TN 37934

jpcarson@tds.net
865-300-5831

Attachments:

1. Cover letter of OSC's 2005 Annual Report to Congress, signed by Special Counsel Scott Bloch, which states its compliance with 5 USC 1218.

2. DOJ brief filed on April 13, 2007 in <u>Carson v. OSC</u>, docket no. 07-0443, Federal District Court for the District of Columbia.



U.S. Office of Special Counsel

1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

**The Special Counsel**

The Honorable Richard B. Cheney
President of the Senate
Washington, DC 20510

The Honorable J. Dennis Hastert
Speaker of the House of Representatives
Washington, DC 20515

Dear Mr. President and Mr. Speaker:

I respectfully submit, in accordance with 5 U.S.C. § 1218, Fiscal Year 2005 Report to Congress from the U.S. Office of Special Counsel. A copy of this report will also be sent to each Member of Congress.

Sincerely,

Scott J. Bloch

Enclosure

Attach 1

ii   U.S. Office of Special Counsel Fiscal Year 2005 Annual Report

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-0443 (PLF) |
| ) | |
| UNITED STATES OFFICE OF ) | |
| SPECIAL COUNSEL, ) | |
| ) | |
| Respondent. ) | |
| ) | |

*filed on 4/13/07*

MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION
TO DISMISS PETITION FOR WRIT OF MANDAMUS

I. INTRODUCTION

Petitioner, Joseph Carson, filed his petition for writ of mandamus seeking to have the Court issue an advisory opinion as to the type of relief he should seek in order to obtain certain kinds of information. Petitioner also seeks to have Respondent, the United States Office of Special Counsel ("OSC"), provide to him an annual report, that at one time was required to be provided to Congress. Respondent submits that the Petition should be dismissed, with prejudice, for the reasons stated below. This memorandum also constitutes Respondent's response to the Court's April 2, 2007, Order to Show Cause why the Petition for Writ of Mandamus in this case should not be granted.[1]

---

[1] Respondent notes that Petitioner continues to file petitions for writs of mandamus and seek show cause orders allowing him to essentially "leap frog" other litigants, since the government usually has 60 days in which to answer a civil complaint.

*Attachment 2*

# ARGUMENT

## I. THE COURT DOES NOT HAVE AUTHORITY TO ISSUE ADVISORY OPINIONS

Petitioner seeks to have the Court provide an advisory legal opinion as to the type of relief he should seek, if his Petition is denied. *See* Petition p. 5. However, "[I]t is quite clear that 'the oldest and most consistent thread in the federal law of justiciability is that federal courts will not give advisory opinions.'" *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (quoting C. Wright, Federal Courts 34 (1963)). Therefore, Petitioner's request for such an opinion from the Court should be denied.

## II. RESPONDENT HAS NO STATUTORY DUTY TO PROVIDE AN ANNUAL REPORT TO CONGRESS UNDER 5 U.S.C. § 1218

Petitioner alleges that the OSC failed to meet its statutory obligations to provide an annual report to Congress pursuant to 5 U.S.C. § 1218. *See* Petition at p. 2. However, the OSC's reporting obligations under this statute no longer exist.

Title 5, United States Code, Section 1218 was superceded by the Federal Reports Elimination and Sunset Act of 1995 ("Sunset Act"), P.L. 104-66, 109 Stat. 707 (1995), which provides:

> (A) Termination – (1) IN GENERAL. – Subject to the provisions of paragraph (2) of this subsection and subsection (d), each provision of law requiring the submittal to Congress (or any committee of the Congress) of any annual, semiannual, or other regular periodic report specified on the list described under subsection (c) shall cease to be effective with respect to that requirement, 4 years after the date of the enactment of this Act.

None of the exceptions or exemptions to the Sunset Act apply to the OSC's annual report to Congress. Thus, contrary to Petitioner's assertion that the OSC has a ministerial duty to produce

2

this report (*See* Petition at p. 5), it is entirely within the OSC's discretion whether to provide an annual report to Congress and the contents thereof.[2] Petitioner's assertion that he has somehow been harmed by the OSC's "non-compliance with law in reporting all the required information of 5 USC 1218" is, therefore, without merit. *See* Petition, p. 3.

### III. PETITIONER HAS FAILED TO MEET HIS BURDEN FOR A WRIT OF MANDAMUS

#### A. OSC has no clear duty to act.

Mandamus is available only if: (1) plaintiff has a clear right to relief; (2) defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff. *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C.Cir.1997). As discussed above, the OSC's only duty in this regard was to Congress, not Petitioner, and that duty no longer exists. Accordingly, Petitioner has failed to show any duty owed by the OSC to produce an annual report, and his Petition should be denied.

#### B. Petitioner Has No Right to Extraordinary Relief.

Mandamus is a drastic remedy to be invoked only in extraordinary situations. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n. 2 (1988). It is granted only when essential to the interests of justice. *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974). The party seeking mandamus has the "burden of showing that its right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Petitioner has failed to

---

[2] In fact, Petitioner appears to acknowledge that the OSC may not be under such a statutory duty to provide the report to Congress, yet, he requests that the OSC be required to include all of the information in the report that Petitioner seeks. *See* Petition at p. 2.

3

show that he has any right to such extraordinary relief.

The statutory provisions discussed above clearly show that the OSC is no longer under a statutory obligation to provide an annual report to Congress. Therefore, the OSC cannot be required to provide certain information in any report it provides Congress. Furthermore, if Petitioner desires information from a government agency, the proper remedy is to seek such information pursuant to the Freedom of Information Act. In light of his other cases, it is clear that Petitioner is well aware of this vehicle for obtaining information, if it exists. In any event, Petitioner cannot meet his burden of showing that there is no other adequate remedy available to him, and his Petition should, therefore, be denied. *See Heckler v. Ringer*, 466 U.S. 602 (1984) (mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief).

## Conclusion

WHEREFORE, for the foregoing reasons, Respondent respectfully submits that the Court deny the Petition for Writ of Mandamus herein.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

4

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

5