UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JOSEPH P. CARSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0443 (PLF) |
| | ) | |
| U.S. OFFICE OF SPECIAL COUNSEL, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Pro se petitioner Joseph Carson brings this lawsuit against the United States Office of Special Counsel ("OSC") seeking a writ of mandamus "direct[ing] OSC, if adequate legal grounds exist, to include all the information required by 5 USC 1218 in its Annual Reports to Congress it claims to make by 5 USC 1218, which is a public document." Petition at 2. This matter is before the Court on respondent's motion to dismiss the petition for a writ of mandamus pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Mot."), and petitioner's opposition thereto ("Opp."). For the following reasons, the Court will grant respondent's motion and will dismiss the petition.

I.  BACKGROUND

The undersigned has previously resolved several of petitioner's lawsuits. See, e.g., Carson v. U.S. Office of Special Counsel, Civil Action No. 04-0315, 2006 WL 785292, (D.D.C. March 27, 2006) ("Carson I"); Carson v. U.S. Office of Special Counsel, Civil Action No. 05-0537, 2006 WL 5085253, (D.D.C. Oct. 30, 2006) ("Carson II"), *aff'd and remanded on*

*one unaddressed issue*, No. 06-5364 (D.C. Cir. Nov. 28, 2007); Carson v. U.S. Office of Special Counsel, 514 F. Supp. 2d 54 (D.D.C. 2007) ("Carson III").  The Court has previously described the relevant statutory framework, the power of this Court to issue writs of mandamus, and the standards for issuing a writ of mandamus.  For the convenience of the parties, the Court repeats relevant portions herein.

Although the Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, the All Writs Act allows the Court to order a remedy only where subject matter jurisdiction already exists.  See 28 U.S.C. § 1651(a) (providing that the "Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions . . ."); see also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 76 (D.C. Cir. 1984) ("[I]t is firmly established that [Section] 1651 does not expand the jurisdiction of a court.").  In addition, the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 94-454,  92 Stat. 1111 (codified as amended in scattered sections of Title 5 of the United States Code), which governs non-constitutional claims brought by federal employees against the United States government or its agencies, does not provide for subject matter jurisdiction in the United States district courts for review of OSC decisions made pursuant to its authority under the statute.  See Fornaro v. James, 416 F.3d 63, 67 (D.C. Cir. 2005) (CSRA is comprehensive and exclusive remedial scheme); Carducci v. Regan, 714 F.2d 171, 174 (D.C. Cir. 1983) (CSRA is "exhaustive remedial scheme" that clearly evidences congressional intent not to permit alternative or preexisting remedies); Borrel v. United States Int'l Communication Agency, 682

F.2d 981, 988 (D.C. Cir. 1982) ("[W]e are unable to conclude from the [CSRA] that Congress intended to provide an independent judicial remedy to employees."). Nor does the CSRA provide for jurisdiction over appeals of decisions rendered by the Merit Systems Protection Board ("MSPB") in this Court; only the United States Court of Appeals for the Federal Circuit may hear such petitions. See 5 U.S.C. §§ 1215(a)(4) and 1221(h)(2), incorporating 5 U.S.C. §7703(b)(1); see also United States v. Fausto, 484 U.S. 439, 449 (1988).

The United States Court of Appeals for the District of Columbia Circuit nevertheless has concluded that a United States District Court does have subject matter jurisdiction to issue a writ of mandamus if it determines that OSC violated a non-discretionary statutory duty to investigate an employee's allegations. See Weber v. United States, 209 F.3d 756, 759 (D.C. Cir. 2000). The court reasoned that because the Federal Circuit reviews only MSPB decisions and not OSC actions or decisions, depriving the district courts of mandamus jurisdiction over claims that OSC has failed to perform a statutory duty would foreclose all relief for such a failure. See id.

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power'" will justify issuance of the writ. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (quoting Will v. United States, 389 U.S. 90, 95 (1967)); see also In re Leeds, 951 F.2d 1323, 1323 (D.C. Cir. 1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." In re Medicare Reimbursement Litigation, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting

Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002)); see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate, 471 F.3d 1341, 1350 (D.C. Cir. 2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.'" Power v. Barnhart, 292 F.3d at 784 (quoting Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. See, e.g., Heckler v. Ringer, 466 U.S. 602, 616 (1984); Weber v. United States, 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

## II. DISCUSSION

Respondent first argues that on page 5 of his petition, petitioner "seeks to have the Court provide an advisory legal opinion as to the type of relief he should seek[.]" Mot. at 2. The Court disagrees with respondent's reading of the petition, which includes this phrase: "What other remedy is available, if not mandamus relief?" Petition at 5. The Court concludes that the query on page 5 of the petition is a rhetorical one, addressed to the standard for obtaining a writ of mandamus – that no other adequate remedy be available.

Respondent next notes that OSC no longer has a duty to provide an annual report to Congress, but rather that "it is entirely within OSC's discretion whether to provide an annual report to Congress and the contents thereof." Mot. at 2-3. Petitioner agrees with respondent on

this point.  See Opp. at 2 ("OSC is no longer required to submit an Annual Report to Congress[.]").  As petitioner concedes, the standard for a writ of mandamus to issue includes the requirement that a defendant have a clear duty to act.  See Petition at 4.  Under these circumstances, petitioner cannot meet his burden for a writ of mandamus.  Accordingly, the Court will dismiss the petition.

      An Order consistent with this Memorandum Opinion will be issued this same day.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 19, 2008